Waudlaw J.
delivered the opinion of the Court.
The words “on settlement up to date,” added to a promise to pay for value received, like an acquittance or receipt on settlement, constitute an acknowledgement that a settlement has been made, and furnish prima facie evidence that the settlement embraced all matters of account which at the date subsisted between the parties. But this, like any other acknowledgement, may be explained or contradicted. It is certain, because it is in writing, but not therefore conclusive, It is entitled to more weight in the consideration of a jury than a verbal declaration, but stands on the same footing as to the admissibility of oppo *63 sing evidence. If a full statement of the accounting and settlement which was made had been preserved in writing, and shewed that a particular demand was not included, the acknow-ledgement would not exclude or control this clear evidence to sustain that demand; other evidence of the omission of the demand may be feebler, but still is admissible. In like manner the giving of a note or payment of money by oñe party to the other, raises a presumption that the party promising or paying, has not then any valid demand upon which he might claim that he should receive money instead of paying it. But however strong the presumption, it is but a presumption of fact, which may be rebutted by sufficient evidence. According to these principles, the case was submitted to the jury, and this Court sees no sufficient reason for disturbing the verdict.
The motion is dismissed.